ORIGINAL

FW013092

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2010 DEC 20 PM 1:42

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| (1) Gary Owens, an individual, and OBO | § |
| (2) DLT TRANSPORT | § |
|         Plaintiffs | § |
| | § |
| vs. | § |
| | § Civil Action No. _____ |
| | § |
| | § |
| (1) State of Kansas, a legal entity and | § |
|     all advancing the schemes of the | § |
|     fraud and extortion endemic to | § |
|     the association in the fact | § |
| (2) Linn County, a legal entity and the | § |
|     predicate actor in this matter | § |
| (3) Linn County District Court, a legal | § |
|     entity endemic to the fact in this matter | § |
| (4) Richard Smith, an individual, and | § |
|     any and all marital communities | § |
|     enjoined there unto, and his heirs | § |
| (5) John Sutherland, an individual, and | § |
|     any and all marital communities | § |
|     enjoined there unto, and his heirs | § |
| (6) Unknown re-issuer of bogus warrant | § |
|     an individual, and any and all | § |
|     marital communities enjoined there | § |
|     unto, and their heirs | § |
| (7) Kansas Highway Patrol, a legal entity and | § |
|     endemic to the fact | § |
| (8) C J Hammond, an individual, and any and | § |
|     all marital communities enjoined there | § |
|     unto, and his heirs | § |
| (9) Justin Rohr, an individual, and any and | § |
|     all marital communities enjoined there | § |
|     unto, and his heirs | § |
| (10) Alex Taylor, an individual, and any and | § |
|     all marital communities enjoined there | § |
|     unto, and his heirs | § |
| (11) Saline County Sheriffs Dept. a legal entity | § |
|     and endemic to the association in fact in | § |
|     this matter | § |
| (12) Craig Norris, an individual, and any and all | § |
|     marital communities enjoined there unto | § |
|     and his heirs | § |

1

(13) W. Muehlberg, an individual, and any and     §
     all marital communities enjoined there    §
     unto, and his heirs                   §

(14) Off. Dickinson, an individual, and any and   §
     all marital communities there unto, and  §
     his heirs                          §

(15) Roy Palmer, an individual, and any and all  §
     marital communities enjoined there unto  §

(16) Palmer Truck and Trailer Repair a legal   §
     entity endemic to the association in fact  §

(17) Glen Kochanowski, and individual, who is  §
     endemic to the association, and any and  §
     all marital communities enjoined there unto  §
     and his heirs                     §
                Defendants       § Jury Trial Demanded

Petition, complaint, and claim under authority of the doctrine of respondeat superior, 18 U.S.C. § 1331, 1343, 1346, 42 U.S.C. § 1983, 18 U.S.C. § 241 & 242, 18 U.S.C. § 1964(a) & (c), and for injunctive and declaratory relief as provided for at 28 U.S.C. § 2201

## Statement of subject matter jurisdiction

1.   This court has jurisdiction over the subject matter of this complaint under the authority of the doctrine of respondeat superior 18 U.S.C. 1331, 1332, 1343, 1346, 42 U.S.C. § 1983, civil rights, and 18 U.S.C. § 1964(a) & (c), civil racketeering, and based on the testimony of the Plaintiff demonstrating the factual sufficiency of the complaint and the nexus of all respondent actors to federal and state statutes articulating civil and criminal wrongs, and Plaintiffs reliance common law authorities, State of Kansas civil or criminal statutes and constitution, the United States federal civil and criminal statutes and constitution, including doctrines of the United States Supreme Court and for treble damages pursuant to the RICO statutes.

## Statement of *in personam* jurisdiction

2.  This court has jurisdiction, subject to compliant service, over all respondents as all respondents are known to have committed criminal acts or aided and abetted criminal acts are willful, wanton, and reckless by and through meritless actions and had no legal standing to send or mail threatening letters to the Plaintiff who is domiciled

within the United States District Court Northern District of Texas Fort Worth Division and that Plaintiff and trucking company were under contract by and through interstate commerce via fax from Central Refrigerated Services and that Plaintiff and trucking company are domiciled within this Courts jurisdiction and brings this action in the interest and consolidation of case/s thru the spirit of judicial economy.

### Statement of venue

3. Venue is appropriate in the United States District Court Northern District of Texas Fort Worth Division as the wrongs complained and occurred, by and through the U.S. Postal Service pursuant to mail fraud and wire fraud.

### Strict notice to the court

4. Congress, in enacting civil racketeering laws intended that persons such as Gary Owens are *private attorney generals*.  See Agency Holding Corp. v. Malley -Duff & Associates, 107 **SUPREME COURT** 2759, 483 U.S. 143, 151 (1987) and Rotella v. Wood *et al.*, 528 U.S. 549 (2000).  This complaint is a compelling necessity for want of a competent United States Attorney General.

## THE FORMATION OF THE ENTERPRISE AND NATURE OF THE CONSPIRACY a GENTLEMEN'S AGREEMENT

5. The fundamental goal of the Enterprise and conspiracy is to preserve and expand the treasuries of the STATE of KANSAS and the entities involved in this matter at hand to unsuspecting individuals by breaking their own state civil, criminal, rules of proper procedures, policies, and motor vehicle stops, and non resident violator statutes of fair notice, and their own state constitution, to interfere with interstate commerce directly or indirectly by and through motor vehicle stops, grand theft auto through a wrecker service, wire fraud, and mail fraud, conversion of a persons personal monies in their wallets for necessities of food, life, and shelter by and through their sheriffs offices, more

specifically in Saline County, Kansas and to achieve this goal will have alleged competent jurist in their district courts to further their scheme and or schemes to bilk hundreds of thousands of dollars from unsuspecting individuals as the Plaintiffs in this case. Furthermore the actors, agents, and employees properties should be seized for divulging in this matter as to the effect that their marital communities and heirs are benefactors directly or indirectly from the compensation that they have in this matter at hand.

## Theory of the case

6. That all before mentioned Defendants are actors, agents, agencies and or employees are members of or beholden to a nefarious criminal organization which is dedicated to the maxim, "tell any lie, violate any rule, break any law, statutes, policy and regulations, and commit any crime necessary to perfect schemes, frauds, swindles, and extortion." The Defendants are predicate actors within the scope and meaning of RICO, and the Defendants receive unwavering support thru the State of Kansas and thru the counties of Linn and Saline County Kansas, Linn County Court House, Richard Smith and John Sutherland whose highest priority in life is to aid, abet, cover up and conceal *their gentlemen's agreements* through the pattern of racketeering and their actions are willful, wanton, and reckless and is the proximate cause of Plaintiffs severe emotional distress.

7. HOW THE RACKET WORKS: Predicate and endemic actors engaged in this particular racket on unknowingly innocent people thru the use of such tools and artifice to defraud of fair and honest services by and thru public servants thru the use of wire fraud, and mail fraud as means to make false arrest, false imprisonment, un-warranted searches, seizures, removing documents in court records, violate state rules, regulations, any authorities, and will resort to violence including the use of guns and threatening letters to extort money from persons similarly situated as the Plaintiff, a GOD-fearing, law-abiding resident of the sovereign State of Texas. Parties who have been wronged by this enterprise are deprived of remedy by a heinous criminal element represented here more

specifically by all the actors in this matter who also live by and are dedicated to the maxim, "tell any lie, violate any rule, break any law, commit any crime", to perfect the extortion, fraud, schemes, and swindles of their criminal enterprise, and their actions are willful, wanton, and reckless and this is part of the proximate cause of Plaintiffs severe emotional distress.

a. KS. 21-3302. Conspiracy (a) a conspiracy is an agreement with another person to commit a crime or to assist in committing a crime.

## OVERT ACT ALLEGATION I: violation of fair notice doctrine

8. On Dec. 20th 2006 about 22:00 hrs C J Hammond pulled Plaintiff over in Salina, Kansas on I-70 exit 253 and did a level 2 safety inspection and ran Plaintiffs drivers license, gave Plaintiff a 14hr rule violation of which was 2 days prior to being in the State of Kansas and therefore, trooper C J Hammond was without subject matter jurisdiction on the warning, of which should have been another state, and when license report came back, trooper C J Hammond said I had a warrant for arrest of which was bogus, was over 9yrs old and had no proof if it was for the right person, arrested and had me handcuffed, had no affidavit in support of the warrant and could not even tell Plaintiff what the warrant was for and of which is violation of the **"Fair Notice Doctrine"** pursuant to Kansas statutes pertaining to "non resident violators compact" and statute of limitations, of which C J Hammond told me that it had been **renewed** on Oct. 19th 2006 some 61 days earlier and their actions taken were willful, wanton, and reckless and this is part of the proximate cause of Plaintiffs severe emotional distress and Plaintiff is wondering when something is time barred as to how it can be reinstated other than for meanness, greed, and unjust enrichment.

a. KS. 8-2110. Failure to comply with traffic citation; Upon the person's failure to comply within such 30 days, the district or municipal court shall notify the division of vehicles.  Upon receipt of a report of a failure to comply with a traffic citation under this subsection, pursuant to
b. KS.-255, and amendments thereto, **the division of vehicles shall notify the violator** and suspend the license of the violator until satisfactory evidence of compliance with the terms of the traffic citation has been furnished to the informing court. **(FAIR NOTICE DOCTRINE)**
c. KS. 8-1219. Nonresident Violator Compact Article XI Title This compact shall be known as the Nonresident Violator Compact of 1977: refers back to
d. KS. 8-2110. Failure to comply with traffic citation; misdemeanor; suspension of driver's license; reinstatement fee; authorized only by legislative enactment; disposition of reinstatement fees. (b) In addition to penalties of law applicable under subsection (a), when a person fails to comply with a traffic citation, except for illegal parking, standing or stopping, the district or municipal court in which the person

should have complied with the citation shall mail notice to the person that if the person does not appear in district or municipal court or pay all fines, court costs and any penalties within 30 days from the date of mailing, the division of vehicles will be notified to suspend the person's driving privileges. Upon the person's failure to comply within such 30 days, the district or municipal court shall notify the division of vehicles. Upon receipt of a report of a failure to comply with a traffic citation under this subsection, pursuant to

e. KS.-255, and amendments thereto, **the division of vehicles shall notify the violator** and suspend the license of the violator until satisfactory evidence of compliance with the terms of the traffic citation has been furnished to the informing court. Upon receipt of notification of such compliance from the informing court, the division of vehicles shall terminate the suspension or suspension action. **(FAIR NOTICE DOCTRINE)** and found out 61 days later, warrant was reissued on Oct. 19ᵗʰ 2006 per state trooper (Hammond).

f. KS. 60-511.  Actions limited to five years, (4) An action upon the official bond or undertaking of an executor, administrator, conservator, sheriff, or any other officer, or upon the bond or undertaking given in attachment, injunction, **arrest**, or in any case required by statute.

## OVERT ACT ALLEGATION II: false arrest

9. On Dec. 20ᵗʰ 2006, C J Hammond with and by Justin Rohr and Alex Taylor arrested Plaintiff for alleged failure to pay for the benefits of an unknown *quasi-contract.* A jury shall determine that the State of Kansas, Linn and Saline County Kansas and the highway patrolmen is in want of any explanation for why they arrested and imprisoned the Plaintiff other than for pure meanness, greed, and fraudulently prospering the treasuries of the before mentioned (sic) entities and enterprise and Plaintiff was in great terror and fear to refuse to be arrested being three troopers were present at time of arrest and the troopers continually were putting their hands on their service revolvers for the *false presentation of deadly force* upon and or *directed to the Plaintiff*, and that Plaintiff would've been brutally beaten and their actions were willful, wanton, reckless and this is part of the proximate cause for Plaintiffs severe emotional distress. Furthermore the arresting officers had no clue as to what the warrant was about or the offence charged.

a. KS 22-2305 par. (3) Stating the officer did not have warrant in possession at the time of the arrest, he shall then inform the Defendant of the offense charged of.

b. 28 USC § 2007. Imprisonment for debt (a) a person shall not be imprisoned for debt on a writ of execution or other process issued from a court of the United States in any State wherein imprisonment for debt has been abolished. All modifications, conditions and restrictions upon such imprisonment provided by State law shall apply to any writ of execution or process issued from a court of the United States in accordance with the procedure applicable in such State.

c. KS.  AMENDMENT #9 Bails, excessive fines imposed or cruel and unusual punishment inflicted.

d. KS. AMENDMENT #15 searches and seizure warrant supported by oath or affirmation.

e. KS. AMENDMENT #16 Imprisonment for debt: No person shall be imprisoned for debt, except in cases of fraud.

f. AMENDMENT IV:  illegal search and seizure, supported by oath or affirmation.

IN RE McCOWAN (1917), 177 C. 93, 170, P.1100; states as follows, "ignorance of the law does not excuse misconduct in anyone **least of all by a sworn officer of the law** DANIELS V. DEAN (1905), 2 C.A. 421, 84, P.332; it is one of the fundamental maxims of the common law that ignorance of the law excuses no one. REINSCHMEIDT ET.AL V. CITY OF WICHITA, KANSAS 99-CV-2312: stating that traffic tickets are nothing more than a public debt. People v. McGrew, 20 Pac. 92 (1888); Knight v. Baker 133 P  544 (1926) When the plaintiff has shown that he was arrested, imprisoned or restrained of his liberty by the defendant, "the law presumes it to be unlawful State v. Mastrian, 171 N.W.2d 695 (1969); Any arrest made without a warrant, if challenged by the defendant, is presumptively invalid...the burden is upon the state" to justify it as authorized by statute, and as not in violation of constitutional provisions
 Wharton's Crim. Proc., 12th Ed., vol. 1, p. 152 (1974).  A warrant is regarded as insufficient and thus void if, on its face, it fails to state facts sufficient to constitute a crime. Heath v. Boyd, 175 S.W.2d. 217 (1943); Brock v. Stimson, 108 Mass. 520 (1871) the one arresting has "a duty to immediately seek a magistrate," and failure to do so "makes a case of false imprisonment. Ulvestad v. Dolphin, 278 Pac. 684 (1929)  Any undue delay is unlawful and wrongful, and renders the officer himself and all persons aiding and abetting therein wrongdoers from the beginning.  Housh v People, 75 111 491 An arrest made with defective warrant, or one issued without affidavit, or one that fails to allege a crime is within jurisdiction; reaffirmed and quoted in State v Leach, 7 Conn. 425; State v Gleason, 32 Kan 245; Ballard v Ohio 349; State v Rousseau, 241, P. 2d 447; State v Spaulding, 34, Minn. 362.  State v. Robinson 145 ME.77,72, ATL.2d 260, 2(1950) an illegal arrest is an assault battery.
      g. 18 § 373 Solicitation to commit a crime of violence
      h. KS. 21-3428 Blackmail is gaining or attempting to gain anything of value or compelling another to act against such person's will, by threatening to communicate accusations or statements about any person that would subject such person or any other person to public ridicule, contempt or degradation.
      i. KS. 21-3420. Kidnapping is the taking or confining of any person, accomplished by force, threat or deception, with the intent to hold such person: (a) for ransom or as a shield or hostage;  (c) to inflict bodily injury or to terrorize the victim or another;
      j. KS. 21-3424. Criminal restraint (a) Criminal restraint is knowingly and without legal authority restraining another person so as to interfere substantially with such person's liberty.
      k. KS 21-320. Criminal intent (a) except as otherwise provided, a criminal intent is an essential element of every crime defined by this code: Criminal intent may be established by proof that the conduct of the accused person was *__intentional or reckless.__*

## **OVERT ACT ALLEGATION III: wire fraud**

      10. Plaintiff states as follows that the State of Kansas by and through the Kansas Highway Patrol (KHP), C J Hammond and any and all electronic transmitting devices (radio and computer generated) have violated the Federal wire fraud statutes to further their scheme of extortion, fraud, and swindles to further their meanness and greed and their actions were willful, wanton, and reckless and this is part of the proximate cause for Plaintiffs severe emotional distress.

      a. 18 § 1343 Fraud by wire, radio, or television
      b. 18 § 1346 Definition of "scheme or artifice to defraud"
      c. 18 § 1341 Frauds and swindles
      d. 18 § 875 Interstate communications
      e. KS. 21-3711 Making false information is making, generating, distributing or drawing, or causing to be made, generated, distributed or drawn, any written instrument, electronic data or entry in a book of account with knowledge that such information falsely states or represents some material matter or is not what it purports to be, and with intent to defraud, obstruct the detection of a theft or felony offense or induce official action.

f. KS. 21- 3201. Criminal intent (a) except as otherwise provided, a criminal intent is an essential element of every crime defined by this code: Criminal intent may be established by proof that the conduct of the accused person was ***intentional or reckless***.

## OVERT ACT ALLEGATION IV: assault and battery

11. Plaintiff states as follows that the State of Kansas by and through KHP, C J Hammond, Justin Rohr, Alex Taylor, Craig Norris, W. Muehlberg, Off. Dickinson, Saline County Sheriffs office did hereby assaulted, battered, intimidated, and harassed the Plaintiff to further their scheme to extort under color of law to further their meanness and greed and their actions were willful, wanton, reckless, and this is part of the proximate cause for Plaintiffs serve emotional distress.

a. State v. Robinson, 72 Atl.2d 262 (1950) an illegal arrest is an assault and battery. The person so attempted to be restrained of his liberty.

b. Osborn v. Veitch 1 Foster & Fin Eng Rep 317 the handcuffing was utterly unlawful

c. *5 L.R.A.216 But a constable cannot justify handcuffing a prisoner unless he has attempted to escape, or unless it be necessary in order to prevent his doing so.*

d. State v. Robinson 145 ME. 77, 72, ATL., 2d 260, 262 (1950) an illegal arrest is an assault battery

e. 18 § 373 Solicitation to commit a crime of violence

## OVERT ACT ALLEGATION V: grand theft auto

12. Plaintiff states as follows the State of Kansas by and through KHP, Linn and Saline County Kansas, C J Hammond, Roy Palmer, and Palmer Truck & Trailer Repair to further their scheme of extortion, fraud, and swindle committed the act of grand theft auto of a loaded commercial vehicle worth about $30,400 and a cargo value of and or about $75,000 of which Plaintiff asked Alex Taylor at least three times if he could move the vehicle and its contents to the Flying J travel plaza that was about 500 yards away and that Roy Palmer was summoned to remove vehicle and contents from the exit ramp of #253 and of which Roy Palmer representing Palmer Truck and Trailer repair drove the vehicle and its contents from the ramp without his wrecker and drove it personally and was ***an unauthorized operator of a motor vehicle*** and in violation/s of several statutes and per insurance company policy to further their meanness and greed and their actions

were willful, wanton, and reckless and  this is part of the proximate cause of Plaintiffs severe emotional distress.

       a. 18 § 2312 Transportation of stolen vehicles

       b. 18 § 2314 Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting, whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person or persons to travel in, or to be transported in interstate or foreign commerce in the execution or concealment of a scheme or artifice to defraud that person or those persons of money or property having a value of $5,000 or more; Shall be fined under this title or imprisoned not more than ten years, or both.

       c. KS. 21-3711.   Making false information. Making false information is making, generating, distributing or drawing, or causing to be made, generated, distributed or drawn, any written instrument, electronic data or entry in a book of account with knowledge that such information falsely states or represents some material matter or is not what it purports to be, and with intent to defraud, obstruct the detection of a theft or felony offense or induce official action..

       d. KS. 21-3701. Theft (a) Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of the owner's property: 2) obtaining by deception control over property; (b) (1).

       e. KS. 21- 3303. (a) Criminal solicitation is commanding, encouraging or requesting another person to commit a felony, attempt to commit a felony or aid and abet in the commission or attempted commission of a felony for the purpose of promoting or facilitating the felony. (d) Criminal solicitation to commit an off-grid felony shall be ranked at non drug severity level 3.

## OVERT ACT ALLEGATION VI: mail fraud pursuant to statute of limitations

13. Plaintiff states that the State of Kansas, the Linn County District Court, Richard Smith, and John Sutherland did not afford the Plaintiff with a 7th Amendment cross claim or summons for the civil cause of breach of duty of an unknown *quasi-contract,* the before mentioned compelled Plaintiff before a judicial forum at least 4 times of unknown character, not a court of competent jurisdiction.  In the kangaroo court proceedings, the before mentioned Defendants would have deprived Plaintiff of an impartial trier of fact and Plaintiff had filed several motions to these scaffolds showing that they had violated state statutes, rules, regulations, common law authorities and their own state constitution, therefore this is an treasonous act to further their extortion, fraud, and swindle for meanness, greed, and unjust enrichment of their treasuries and actions were willful, wanton, and reckless and this is part of the proximate cause of Plaintiffs severe emotional distress.

       a. KS. 60 - 1205. Grounds for forfeiture of public office, every person holding any office of trust or profit, under and by virtue of any of the laws of the state of Kansas, either state, district, county, township or city office, except those subject to removal from office only by impeachment, who shall (1) willfully, engage in misconduct while in office.

b. KS. 21 - 3201. Criminal intent: (a) except as otherwise provided, a criminal intent is an essential element of every crime defined by this code. Criminal intent may be established by proof that the conduct of the accused person was intentional or **reckless**.

c. KS. 75-2949f. same; personal conduct detrimental to state service, Grounds for dismissal, demotion or suspension of a permanent employee for personal conduct detrimental to the state service include, but are not limited to, the following: (a) Gross misconduct or conduct grossly unbecoming a state officer or employee; (i) willful endangerment of the lives or property of others, or both; (q) gross carelessness or gross negligence; Norton v. Shelby County, 118 US 425 any unconstitutional act is not law, if confers no rights, it imposes no duties, it affords no protection, it creates no office. Byars v. U.S., 116 U.S. 616 the court is to protect against any encroachment of constitutionally secured liberty.

## OVERT ACT ALLEGATION VII: kidnapping, ransom and solicitation to commit a crime

14. Plaintiff states that the State of Kansas by and through the doctrine of *respondeat superior* and the  Linn County District Court, unknown issuer of bogus out of time warrant, Saline County, Kansas, Saline County Sheriffs Office, Richard Smith, John Sutherland, KHP, C J Hammond, Justin Rohr, Alex Taylor, Craig Norris, W. Muehlberg, Off. Dickinson did restrain Plaintiff from life, liberty, and the pursuit of happiness and demanded ransom to get out of an illegal arrest and Plaintiff is in want for why he was arrested other than for pure meanness and greed and their actions were *willful, wanton, and reckless* and this is a part of Plaintiffs proximate cause for severe emotional distress.

a. 42 § 1983 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity.

b. 42 § 1985. Conspiracy to interfere with civil rights: (3) Depriving persons of rights or privileges.  If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person persons of the equal protection of the laws, or of equal privileges and immunities under the laws.

c. 42 § 1988. Proceedings in vindication of civil rights:  (a) Applicability of statutory and common law.

d. 18 § 231. Civil disorders (a), (1) Whoever teaches or demonstrates to any other person the use, application, or making of any firearm or explosive or incendiary device, or technique capable of causing injury or death to persons, knowing or having reason to know or intending that the same will be unlawfully employed for use in, or in furtherance of, a civil disorder which may in any way or degree obstruct, delay, or adversely affect commerce or the movement of any article or commodity in commerce.

e. 18 § 241. Conspiracy against rights:  If two or more persons conspire to injure.

f. 18 § 242. Deprivation of rights under color of law

g. 18 § 875. Interstate communications: (a) whoever transmits in interstate or foreign commerce any communication containing any demand or request for a ransom or reward for the release of any kidnapped person, shall be fined under this title or imprisoned not more than twenty years, or both.

h. 18 § 880. Receiving the proceeds of extortion

i. 18 § 1201. Kidnapping

j. 18 § 1202. Ransom money (a) Whoever receives, possesses, or disposes of any money or other property, or any portion thereof, which has at any time been delivered as ransom or reward in connection

with a violation of section 1201 of this title, knowing the same to be money or property which has been at any time delivered as such ransom or reward, shall be fined under this title or imprisoned not more than ten years, or both.

    k. 18 § 1341. Frauds and swindles

    l. 18 § 1951. Interference with commerce by threats or violence (a) & (b)

    m. 18 § 1952. Interstate and foreign travel or transportation in aid of racketeering enterprises (a) (2)

    n. 18 § 1956. Laundering of monetary instruments (a) (1), (A) (i), (1) (A) (B).

    o. 18 § 1957. Engaging in monetary transactions in property derived from specified unlawful activity (a), (d) (1).

    p. 18 § 1959: Violent crimes in aid of racketeering activity (a) (3), & (b) (1) (2).18 § 1960. Prohibition of unlicensed money transmitting businesses (a), & (b) (1) (A) (C)

    q. 18 § 1961. Definitions (1) (A)

    r. 18 § 1962. Prohibited activities (d)

## OVERT ACT ALLEGATION VIII: theft of personal property and property in commerce

    15. Plaintiff states that after being unlawfully arrested, handcuffed, and deprived of his rights to life, liberty, and the pursuit of happiness, that he was robbed of his personal property by and through the Saline County Sheriffs office consisting of his photo being taken, his fingerprints being taken, robbed of his cash on hand of unknown amounts of which Plaintiff was not allowed to watch the booking agent inventory his possessions of his cash on hand at time of booking and was taken by the Sheriffs Office by and thru Glen Kochanowski, Craig Norris, W. Muehlberg, and Off. Dickinson and was illegally searched and properties seized from Plaintiff, and Plaintiff was deprived of cash on hand and given a defacto check # 44791 for $102.72 depriving Plaintiff of cash monies to proceed to safe harbor after bonding out of jail to further their acts of meanness and greed against Plaintiff and their actions were willful, wanton, and reckless and this is part of a practice and or policy and or both, inspired and promoted on a continual basis by the before mentioned Sheriffs office employees and that Craig Norris refused to give me my monies back when I demanded it back. Plaintiff was in great terror to refuse to be pictured and fingerprinted and the before mentioned actors or agents were without a valid court order to do what they did, and that Plaintiff was afraid he would be brutally beaten and their actions were willful, wanton, and reckless and this is part of the proximate cause of Plaintiffs severe emotional distress.

    a. Davis v. Mississippi, 394 U.S. 721 (1969) 394 U.S. 721 taking fingerprints without a valid court order is theft of property.

    b. Hawkins v. Kuhne, 137 NY The taking of the plaintiff's picture before conviction was an illegal act.

## OVERT ACT ALLEGATION IX: negligent hiring, training practices and misconduct

16.  Plaintiff states that by and through the doctrine of ***respondeat superior against the STATE of KANSAS***, Kansas Highway Patrol, the actors, agents, agencies, and employees not limited to Linn and Saline Counties actors, agents, agencies, and employees of the practice and policies of the negligent hiring and training practices of all Defendants, ***they do not know the laws, rules, regulations, and statutes*** of the State of Kansas concerning their vehicle codes and if they do, ***they disregard them*** to further their extortions, frauds, schemes, and swindles to prosper the unjust enrichments of the treasuries of their criminal enterprise, to deprive GOD fearing citizens of the rights to due process, life, liberty, and the pursuit of happiness and that they will aid, abet, and cover up their frauds, lies, and deceptions to further their schemes and artifice to defraud thru fair and honest services of public servants, due process, and they pride themselves in their swindles to conceal their racketeering activities and their actions were willful, wanton, and reckless and this is part of proximate cause of Plaintiffs severe emotional distress, and because of the criminal enterprises events they are without immunity.

    a. 42 § 1983. Civil action for deprivation of rights,

    b. 42 § 1986. Action for neglect to prevent

    c. 18 § 373. Solicitation to commit a crime of violence, (c) It is not a defense to a prosecution under this section that the person solicited could not be convicted of the crime because he lacked the state of mind required for its commission, because he was incompetent or irresponsible, or because he is immune from prosecution or is not subject to prosecution.

    d. KS. 75-2949 (f) same; personal conduct detrimental to state service: Grounds for dismissal, demotion or suspension of a permanent employee for personal conduct detrimental to the state service include, but are not limited to, the following:  (a) Gross misconduct or conduct grossly unbecoming a state officer or employee; (i) willful endangerment of the lives or property of others, or both; (q)  gross carelessness or gross negligence;

    e. KS. 60-1205. Grounds for forfeiture of public office: Every person holding any office of trust or profit, under and by virtue of any of the laws of the state of Kansas, either state, district, county, township or city office, except those subject to removal from office only by impeachment, who shall (1) willfully engage in misconduct while in office.

    f. Norton v. Shelby County, 118 US 425 any unconstitutional act is not law, if confers no rights, it imposes no duties, it affords no protection, it creates no office.

## OVERT ACT ALLEGATION X: false and bogus bond card

17. Plaintiffs states that after being illegally arrested, that by and thru their artifice to defraud Plaintiff of fair and honest services of a public servants that he had to pay a ransom to get out of jail, that by and through the Sheriffs Office, Glen Kochanowski, and

Craig Norris gave Plaintiff a false and bogus bond card from the Sheriffs Office in violation/s of state statutes, rule, or regulations, marking out Saline county and inserting Linn county, and it did not have an address on it pursuant to state laws and that Plaintiff had no way of knowing where Linn County was by the bogus, false, and fraudulent bond card and as statute states that anyone presenting this is in violation of misconduct of office and this false, fraudulent, and bogus bond card is part of their frauds, schemes, and swindles to further their meanness and greed in their criminal enterprise and their actions were willful, wanton and reckless and this is part of the proximate cause of Plaintiffs severe emotional distress.

a. KS. 8-2106 f & g: (f) bond had no address on it.  (g) official guilty of misconduct violating par. (f)
b. KS. 8-2107 par. 3 Such cash bond shall be taken in the following manner. IN RE. McCOWAN (1917), 177 C. 93, 170, P.1100; states as follows, "ignorance of the law does not excuse misconduct in anyone, least of all by a sworn officer of the law DANIELS V. DEAN (1905), 2 C.A. 421, 84, P.332; it is one of the fundamental maxims of the common law that ignorance of the law excuses no one.
c. KS. 75-2949f. Same; personal conduct detrimental to state service. Grounds for dismissal, demotion or suspension of a permanent employee for personal conduct detrimental to the state service include, but are not limited to, the following:  (a) Gross misconduct or conduct grossly unbecoming a state officer or employee; (i) willful endangerment of the lives or property of others, or both; (q)  gross carelessness or gross negligence; Owens v. City of Independence 445 U.S. 622 (1980) par. (a) Pp 635-636.The language of USC 42-1983 is absolute and unqualified, and no mention is made of privileges, immunities, or defenses that may be asserted. Rather the statute imposes liability upon 'every' person who under color of law or custom, 'subjects' or causes to be subjected to the deprivation of rights.

## OVERT ACT ALLEGATION XI: money laundering

18. Plaintiff states that Defendants are using a criminal enterprise to unlawfully, illegally, deceptively, by and through blackmail, extortion, deceit, fraud and harassment to promote illegal activities to make them and or disguise their illegal activities by and through the use of false arrest warrants and sham legal proceedings as a legal activity to advance the unjust enrichment of their criminal enterprise treasuries and to deprive GOD fearing citizens of their inalienable rights to a GOD fearing right to justice without conflicts of interest and incompetence and as such their actions were willful, wanton, and reckless and this  is the proximate cause for the Plaintiffs severe emotional distress.

a. 18 § 1956. Laundering of monetary instruments (a), (A) (i) (ii), (c) 3 & 4, (A) (i) (ii) (iii), B, 18 § 1957 (a), (f) 1 & 2

13

## OVERT ACT ALLEGATION XII: TORTUOUS INTERFERENCE
## WITH INTERSTATE COMMERCE

19. Plaintiff states that Defendants used the elements of this criminal enterprise to create a tortuous interference with the Plaintiff, the trucking company, and the contract to haul commodities in interstate commerce by and thru the loss of revenue, grand theft auto, extortion under color of law, kidnapping, ransom, assault, battery, false imprisonment, and malicious prosecution by violating state and federal laws and the Constitution of the State of Kansas and the United States, to further their scheme for unjust enrichment to their criminal enterprise treasuries, and to deprive a GOD fearing citizen of GOD given inalienable rights to life, liberty, and the pursuit of happiness and as such is their actions were willful, wanton, and reckless and is the proximate cause for the Plaintiffs severe emotional distress.

**Tortious interference**, in the common law of tort, occurs when a person intentionally damages the plaintiff's contractual or other business relationships. Tortious interference with contract rights can occur where the tortfeasor convinces a party to breach the contract against the plaintiff, or where the tortfeasor disrupts the ability of one party to perform his obligations under the contract, thereby preventing the plaintiff from receiving the performance promised.

## OVERT ACT ALLEGATION XIII: CONVERSION OF MONEY

20. Plaintiff states that by and through the actors of Linn County officials that Richard Smith and John Sutherland had exparte hearings and that by and thru their gross misconduct have converted Plaintiffs $500 bond of which their (sic) actions through a bogus warrant to the criminal enterprise treasuries of their county and not limited to the State of Kansas and $102.72 from the Saline County Sheriffs Office to further their scheme, that their actions were willful, wanton, reckless, and cruel and unusual punishment and this is proximate cause of Plaintiffs actions.

## OVERT ACT ALLEGATION XIV: VIOLATIONS OF RULES OF PROCEDURE
## DUE PROCESS

21. Plaintiff states that several times motions, pleadings, and or cross claims were filed by fax to the Linn County Court Clerks office and John Sutherlands office and that

they were never answered of which is violations of the Federal Rules of Civil or Criminal Procedures and the STATE of KANSAS rules of procedure to answer to documents in a judicial forum and that by and through not answering of any before mentioned court documents is an admission of guilt by and through silence and or not limited to *silence by acquiesce* created an estoppel by silence by and through the abuse of office of John Sutherland and is therefore an *artifice or scheme to defraud of honest services* by and through the use and or abuse of law and or both and under color of law therefore constituting a violation of due process.

      a. U.S. v. Twell, 550 F2d 297, 299-300 (1977) "Silence can only be equated with fraud when there is a legal or moral duty to speak, or when an inquiry left unanswered would be intentionally misleading... We cannot condone this shocking conduct... If this is the case we hope our message is clear. This sort of deception will not be tolerated and if this is routine it should be corrected immediately"

      b. Carmine v. Bower, 64 A. 932 "Silence is a species of conduct, and constitutes an implied representation of the existence of facts in question, and the estoppel by misrepresentation. When silence is of such a character and under such circumstances that it would become a fraud on the other party to permit the silent party to deny what his silence has induced the other party to believe and act upon, it will operate as an estoppel.

      c. United States v. Classic, 313 U.S. 299, 326 "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law."

      d. KS. 21- 3201. Criminal intent (a) except as otherwise provided, a criminal intent is an essential element of every crime defined by this code: Criminal intent may be established by proof that the conduct of the accused person was *intentional or reckless*

## OVERT ACT XV: removal of court documents

22. Plaintiff states that on a correspondence from Richard Smith in collusion with John Sutherland that he was removing court documents from the record that was faxed to appropriate offices to cover up their scheme and artifice of honest services by a public servants to violate Plaintiffs right to due process, the equal protection clause of the Constitution of the United States, equal justice, and remedies at law to further their scheme of a kangaroo court system to further their policy under color of law to frustrate Plaintiff in his due process rights and therefore was acting in a manner of obstruction of justice to further their scheme and not limited to their enterprise with the STATE of KANSAS and its agencies to and for the unjust enrichments of their treasuries.

      a. US v. Brooks E. Blitch III Valdosta, GA. Div. Docket NO. 5:08-CR-40

      b. Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958) Whenever a judge acts and deprives any person of any of the rights guaranteed by the Constitution, that judge had declared war against the Constitution, No state legislator or executive or judicial officer can war against the Constitution without

violating his undertaking to support it  U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); Judges have no right to usurp jurisdiction when it is not given to them. Should a judge usurp jurisdiction, it would be treason to the Constitution. Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821). Von Kettler et.al. v. Johnson, 57 Ill. 109 (1870) if the magistrate has not such jurisdiction, then he and those who advise and act with him, or execute his process, are trespassers" Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828) U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." In re Sawyer, 124 U.S. 200 (1888), If a judge does not fully comply with the Constitution, then his orders are void, he/she is without jurisdiction, and he/she has engaged in an act or acts of treason.

## REQUEST FOR RELIEF

a. A jury's determination that all Defendants participating in their criminal enterprise directly and indirectly by and through fraud by concealing court documents in Linn County, Kansas are *acting by estoppel by silence* of which are in violation of any type of rules of procedure to not answer motions filed in a competent judicial forum by the DISTRICT ATTORNEY'S office from  previously filed in Linn County District Court and are therefore are all principals in the acts and that all members of or beholden to the association or criminal enterprise in fact interfere with interstate commerce directly or indirectly and further their criminal acts to defraud, deprive, intimidate, harass, mailing threatening letters, abuse, and neglect to uphold their offices in the spirit of good faith and character.

b. their actions or inactions affects interstate commerce and frustrates the publics expectation of GOD fearing fair and honest government, and that multiple violations of the Plaintiffs Constitutionally unalienable rights were committed, that all of the Defendants have collectively violated 18 § 241, 18 § 242, 18 § 1951 (a) & (b), 18 § 1952 (a) & (2), 18 § 1957 (a), (f) 1 & 2, 18 § 1956 (a), (A) (i) & (ii), (c) 3, 4 (A) (i) (ii) (iii), B, 18 § 59 (a) & 5 & 6, 18 § 1961: 1 (A) 659, 1341 1343, 1346, 2312, 2313, 2314, 2315, 6.

c. Defendants on two or more occasions have violated 18 § 241 with the malignant intent and result of depriving parties similarly situated to the GOD fearing Plaintiff remedies known as *equal protection of the laws,* and justly this courts order of dissolution of and or not limited to all the Defendants as misconduct in office and that for

the proximate cause of Plaintiffs cause for intentional infliction of emotional distress should be addressed at $30,000,000 (million) for their acts of collusion, deception, and fraud for punitive and or exemplary damages or both or any equitable relief.

d. Plaintiff should receive for possession of the 3 trooper's squad cars, all their police enforcement gear not limited to their guns and badges, the 3 Sheriffs deputy's enforcement gear also not limited to their guns and badges, that all actors, agents, agencies and employees of this matter be removed from office for misconduct.

e. Plaintiff requests John Sutherland be disbarred and removed from office and his bar card revoked permanently and given to Plaintiff, and that the same as to Richard Smith, and to stop the using of their authority for the patently criminal enterprise and purposes of blackmail, fraud, and extortion and that RICO statutes advances to the matter of treble damages.

Therefore Plaintiff seeks immediate relief as follows:
1. $500 bond
2. $5 ATM fee
3. $320 impound fee for truck
4. $350 impound fee for trailer
5. $277 lost revenue for contract to haul commodities
6. $102.72 from the Saline County Sheriffs Office
7. $2,029.50 for bobtailing back and forth to Salina to get trailer (3 trips back and forth at 451 miles X 3 X $1.50 per mile).
8. Treble damages for civil RICO violations.
9. All other relief court deems appropriate.
10. Any and all costs of this suit.
11. Prejudgment and postjudgment interest

## JURY TRIAL DEMANDED

Respectfully submitted
Gary Owens

*Gary Owens*

2125 Cannon Dr.
Hurst, TX. 76054
405-819-6872 cell
817-503-9985 fax

17

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| | 4-10 CV-960-A |
| **(b)** County of Residence of First Listed Plaintiff TARRANT, TX (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant Shawnee, KS (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 USC 1346 MAIL HONEST SERVICES
Brief description of cause:
FALSE ARREST

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 30,000.00   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: (See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # FWO13092   AMOUNT 350.⁰⁰   APPLYING IFP _____   JUDGE A   MAG. JUDGE _____

JS 44 Reverse (TXND Rev. 2/10)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), Fed. R. Civ. P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers, or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress, or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 US.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**     Example     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, Fed. R. Civ. P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference cases that are related to this filing, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is "related" to this filing if the case: (1) involves some or all of the same parties and is based on the same or similar claim; (2) involves the same property, transaction, or event; (3) involves substantially similar issues of law and fact; and/or (4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.